[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13195
Non-Argument Calendar

_____

D. C. Docket No. 03-02764-CV-LSC-W


EVELYN PIERCE,
as administratrix for the estate of
Danny Cassady, deceased,

                                                          Plaintiff-Appellant,


v.


NAPHCARE, a corporation organized and
existing in the State of Alabama,
IFEDIBA, Dr., an individual,
GEORGE A. LYRENE, M.D., an individual,
HUYNH, Dr., an individual,
E. RUSSELL, an individual,
E. SMITH, an individual,
R. NICHOLS, R.N., an individual,
BELINDA HOGUE, R.N., an individual,

                                                          Defendants-Appellees,


FAULCON, Dr., an individual, et al.,

                                                          Defendants.

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 14, 2006)**

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Appellant's decedent, Danny Cassady, died on October 7, 2001, while an inmate in the custody of the Alabama Department of Corrections at the Bibb County Correctional Facility. In her amended complaint in this case, she sought money damages from Naphcare, Inc., which provided medical care for inmates at the facility, ten physicians, and thirty-eight other individuals, including the facility's Director of Nursing, Robert Nichols, several nurses and correctional officers and the facility's warden. The amended complaint contains four counts; Counts II, III, IV, V, VI, and VII each incorporate by reference the allegations of all preceding counts. For our purposes, the case presents two bases for liability: (1) the defendants failed to exercise the care, skill, and diligence as other similar health care providers would have afforded Cassady under the circumstances, as required by the Alabama Medical Liability Act (AMLA), Ala. Code § 6-5-480 *et seq.*, and § 6-5-540 *et seq.*, and (2) the defendants were deliberately indifferent to

Cassady's serious medical needs, in violation of the Eighth and Fourteenth Amendments and, thus, are answerable in damages under 42 U.S.C. § 1983. By the time the district court granted the summary judgment now before us for review, the defendants had been reduced to Naphcare, three physicians, the Director of Nursing, Nichols, a registered nurse practitioner, and a licensed practical nurse.

The district court granted these defendants summary judgment in a comprehensive 91-page Memorandum of Opinion and final judgment issued on May 5, 2006. The court rejected appellant's AMLA claim on two grounds. First, appellant's experts were not "similarly situated" to the two physicians who were most involved in Cassady's care and allegedly breached their AMLA duties, the Director of Nursing, Nichols, and the licensed practical nurse. Second, appellant failed to establish that the defendants' alleged negligence "probably" caused Cassady's death. The court rejected appellant's constitutional claim under § 1983 on the ground that appellant failed to establish the components of an Eighth Amendment deliberate indifference claim against any of these defendants; that is, that the defendant was aware of Cassady's serious medical needs and yet was deliberately indifferent to such needs.

Appellant's notice of appeal challenges the court's May 5, 2006 order (with

the exception of the grant of summary judgment to one of the physicians) in its entirety. Appellant's brief on appeal, however, only addresses the judgment granted to Nichols, the Director of Nursing.[1] We have carefully examined the district court's reasons for granting Nichols summary judgment and find no error.

**AFFIRMED.**

---

[1] We therefore consider abandoned appellant's appeal as to the other defendants named in the notice of appeal.